JOHN H. DANIELS

*v.*

CHARLES D. WILBER.

MEASURE OF DAMAGES *upon bill rendered.* Where a person, at the request of another, went to, and saw, the treasurer of a coal company, for the purpose of negotiating the sale of a tract of coal land to the company, and conversed with the treasurer on the subject, and was only engaged in such employment not exceeding one day, and the owner subsequently sold the land to the company, and the person who had seen the treasurer presented a bill for a specified sum for his compensation, but it was not paid: *Held*, that the amount of such bill thus presented is the extreme limit of any recovery he can have. It is the price he fixes on the value of his compensation and an admission that it is worth no more.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. VAN ARMAN & VALETTE, for the appellant.

Messrs. HARDY & HERRICK, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court :

This was an action of assumpsit, brought by Wilber against Daniels, to recover for labor and service rendered by the former to the latter in and about the negotiation of a sale of certain real estate of Daniels.

The proof of any employment, at all, of Wilber by Daniels, was not very satisfactory—there was no contract for the amount of compensation pretended—but the claim and recovery of compensation were upon a mere *quantum meruit.*

The service rendered by Wilber, and for which he claimed compensation, as sworn to by himself, consisted in making a journey from his home in Wilmington, Ill., to Chicago, and there holding an interview and conversation with a certain person for the purpose of negotiating for the sale of certain coal

lands of Daniels, all which, with Wilber's return home, occupied only the whole or some part of a single day.

Daniels subsequently effected a sale of the land to a certain coal company, of which the person with whom Wilber had the interview and conversation, was treasurer; but to what extent, if any, Wilber's services conduced to the sale, was disputed and uncertain.

About six months after the conclusion of the sale by Daniels, Wilber presented to him a bill in writing for the services he claimed to have rendered in making the sale, in which bill the price charged for the entire service for which the suit was brought, was the sum of $1000.

The verdict was for $3750, upon which judgment was rendered.

This deliberate estimate which Wilber himself, in view of all the facts in the case, placed upon the value of his services in the bill presented, was an admission of the strongest character that it was all that his services were reasonably worth—an admission so strong that, under the circumstances of this case, and for aught that appears in this record to detract from its force, we think it should constitute the utmost limit of any recovery on the part of Wilber.

The court below should have set aside the verdict because the damages were palpably excessive.

The judgment is reversed and the cause remanded.

*Judgment reversed.*