WHITE, *Appellant*, v. THOMAS.

Assignee for Benefit of Creditors: HIS LIABILITY FOR RENTS: PRACTICE. An assignee who, in the conduct of the business of his trust, continues in possession of premises let to his assignor, does not thereby subject himself to a personal liability for the rent. To create such liability there must be a special agreement. And when the assignee is sued personally, the fact that he may have assets as assignee will not authorize recovery.

*Appeal from Pettis Circuit Court.*—Hon. William T. Wood, Judge.

Affirmed.

*E. J. Smith* for appellant.

*Heard & Jackson* for respondent.

Norton, J.—It appears from the petition in this case that plaintiff was the owner of a business house in the city of Sedalia, and, on the 1st day of June, 1877, leased the same to Vreeland & Co. for the term of one year, (with the privilege of renewing the same for five years,) at $70 per month payable in advance. Vreeland occupied the house as a drug store, till September 29th, 1877, at which time he made an assignment of all his property to defendant as assignee for the benefit of his creditors. After the assignment, defendant continued to occupy the house, the stock of drugs remaining therein, till about the 20th day of January, 1878, when he disposed of them and then surrendered possession of the premises to plaintiff. It is then averred in the petition that after said assignment was made, plaintiff informed defendant of said leasing, and that it was then agreed between them, that till defendant disposed of the stock of drugs, he should occupy the house the same as said Vreeland had done, and collect rent from the under-tenants, and pay plaintiff $70 per month therefor; that defendant promised to pay plaintiff $70 per month when he sold the goods; that defendant occupied the house until the 20th day of January, 1878, and that the rent due therefor was $266.66, which defendant refused to pay, and for which he asked judgment against him. Defendant in his answer denies the agreement set up in the petition, and avers that he did not occupy the house under any such agreement, but under the lease which plaintiff had made

to said Vreeland, which did not expire, according to its terms, till the 1st day of June, 1878.

On the trial judgment was rendered for defendant, from which plaintiff has appealed, and assigns for error the action of the court in refusing instructions asked by plaintiff, in giving an instruction of its own motion, and in giving instructions asked by defendant. The instructions asked by plaintiff, are as follows:

1. That if defendant, as assignee, continued in possession of the store-room, and occupied the same for the purpose of disposing of the property assigned to him, under the same terms and conditions as it was occupied by his assignor, then the jury will find for plaintiff in such sum as they may believe from the evidence may be due.

2. That if defendant occupied under the lease to J. B. Vreeland & Co., he is bound to pay full rents the same as said Vreeland & Co. agreed to pay.

3. That if, after the assignment to defendant, plaintiff and defendant met and agreed that defendant should occupy the premises and collect rent from the under-tenants till he should dispose of the stock of goods assigned to him, and pay plaintiff $70 per month for the same, then the jury will find for plaintiff.

The first and second instructions were properly refused, because this is not a proceeding to charge the trust property with the payment of rent, but to recover a personal judgment against defendant, upon his alleged agreement to pay a stipulated rent.

Whatever of error, if any there was, in the refusal of the third instruction, was cured by the action of the court in giving, of its own motion, the following: "If after the assignment of Vreeland to Thomas, the plaintiff and defendant agreed that defendant should occupy the premises not under the lease but under a new contract then made, and collect rent from the under-tenants, till he disposed of the goods assigned and pay plaintiff $70 per month for the same, the jury will find for the plaintiff." This instruc-

tion put to the jury the question in issue as raised by the pleadings.

It is also objected that the court erred in giving defendant's instructions in which the jury were told that defendant was not liable on account of the lease to Vreeland & Co., or on account of any occupation under it, or on account of any contract or liability of said Vreeland & Co., or said Vreeland; that to entitle plaintiff to recover, it devolved on him to establish that defendant in his individual capacity entered into a contract with plaintiff for the renting of the store-house, for the use and occupation of which defendant personally promised to pay plaintiff, and that it was immaterial whether defendant had in his hands any assets as assignee of said Vreeland. We perceive no error in giving these instructions, as they applied to the case made by the petition and answer, and the plaintiff could only recover upon the case so made. It was sought to make defendant personally liable for rent, and in said instructions the court in effect told the jury that before they could so find they must believe that he personally, and not as assignee, bound himself. The doctrine laid down by Burrell on Assignments, page 608, to which we have been cited, and where it is said " that assignees are bound to pay rent to the landlord for the period during which they occupy the premises for the purpose of discharging the duties of the trust," would be applicable in a suit instituted against the assignee to charge the trust funds in his hands with the payment of such rent. But such is not the character of this suit, and, therefore, the authorities to which we have been referred have no application.

The questions raised by the pleadings were fairly submitted to the jury, and finding no error, the judgment is affirmed, in which all concur.