BRAUNS, Respondent, vs. THE CITY OF GREEN BAY, Appellant.

*October 18 — November 5, 1890.*

*(1, 2) Cities: Compensation of civil engineer: Implied contract: Presentation of bill: Estoppel.   (3) Appeal.*

1. The fact that a civil engineer had on several occasions done surveying for a city, and had charged and been paid therefor at the rate of $5 per day, does not establish an implied contract for compensation at the same rate for preparing drawings and specifications for a cedar-block pavement,— a work requiring a higher degree of care and skill.

2. The presentation to the common council of a bill for such work would not preclude the engineer from recovering more than the amount called for thereby, when such bill was withdrawn before it had been acted upon otherwise than by referring it to a committee.

[3. Whether an appeal "from so much of the judgment as exceeds" a certain sum is regular and brings the case to this court for review on the merits, not decided.]

APPEAL from the Circuit Court for *Brown* County.

The plaintiff filed with the common council of the defendant city his claim for $290 for services in preparing drawings and specifications for a cedar-block pavement, being one per cent. on $29,000, the alleged cost of such pavement. The council allowed $60, and disallowed the balance of the claim. From such disallowance the plaintiff appealed to the circuit court, and the cause was tried therein without a jury.

It was conceded that the plaintiff had been duly employed to do the work in question, and it appeared that he had been engaged twelve days thereon. It further appeared that at different times during a period of two or more years prior thereto the plaintiff had done work for the city as a civil engineer, for which he had charged and been paid $5 per day, without previous agreement as to the

rate of compensation; that during said period he had made for the city plans and specifications for rebuilding a bridge, and had charged and been paid therefor two and one half per cent. on the cost of the work; and that he had done some work at an agreed price for the job.

It also appeared that, previous to filing the claim in suit, the plaintiff had presented to the council a bill relating to the same work, but had withdrawn it before it had been acted upon. That bill, when produced upon the trial, read as follows: " On plans and specifications of cedar pavement, $60; " but the evidence tended to show that it had been altered, after its withdrawal as aforesaid, by substituting the word " on " for the word " to."

The trial court held that there was no implied contract that the plaintiff would do the work in question for $5 per day; that, whether the bill first presented to the council had been altered or not, its presentation did not preclude the plaintiff from recovering the reasonable value of his services; and that such services were reasonably worth $10 per day. Judgment was rendered accordingly in favor of the plaintiff for $120. The defendant appeals from so much of said judgment as exceeds $60 — the amount allowed by its common council.

*Chas. E. Vroman*, for the appellant, to the point that there was an implied contract that the plaintiff should have $5 per day for the time actually spent on the work, cited *Weise v. Milwaukee Co.* 51 Wis. 564; *Grover & B. S. M. Co. v. Bulkley*, 48 Ill. 189; *McCulloch I. Co. v. Carpenter*, 67 Md. 554; *Sines v. Wayne Co.* 58 Mich. 503; *Rauck v. Albright*, 36 Pa. St. 367; *Nicholson v. Patchin*, 4 Cal. 474.

For the respondent there was a brief signed by *Ellis, Greene & Merrill*, attorneys, and *Geo. G. Greene* and *E. H. Ellis*, counsel, and oral argument by *E. H. Ellis*. They argued, *inter alia*, that there is no valid appeal,— the judgment being entire and indivisible and the appeal purporting

to be from a part only. Unless the judgment consists of distinct and different matters it cannot be reversed in part. *Story v. N. Y. & H. R. Co.* 6 N. Y. 87, 89, note, and cases cited; *Bradshaw v. Callaghan*, 8 Johns. 565–6; *Van Bokelin v. Ingersoll*, 5 Wend. 341; *Kelsey v. Western*, 2 N .Y. 500.

Cole, C. J.  The contention of the city is that there was an implied contract by which the plaintiff was to render the services in question at the rate of $5 per day, and that he was engaged on the work only twelve days. Consequently it is insisted that his compensation should be limited to $60. The learned circuit court found that there was no agreement which fixed the amount of compensation that the plaintiff should receive for his services, and that he was entitled to recover what his services were reasonably worth. We fully concur in that view of the case. There is really no sufficient evidence to warrant the conclusion that there was an implied contract between the plaintiff and the officers of the city that the plaintiff was to do the work for any particular sum per day. It did appear that the plaintiff had done some surveying for the city, for which he had charged $5 per day, supposing that was the price fixed by statute. But the work in question was for preparing drawings and specifications for a cedar-block pavement,— a different kind of work, requiring, as his counsel contends, a higher degree of care and skill than that necessary to do common surveying; and that he was entitled to recover what he proved such services were reasonably worth. We think this position of the counsel is correct, and is fully sustained by the evidence given on the trial. The circuit court was satisfied from the testimony that the plaintiff devoted about twelve days' time to the work in question, and that this was a reasonable time for doing the work, and that $10 a day was a fair and reasonable compensation for such services.

Some stress was laid on the argument upon the fact that the plaintiff withdrew the first bill which he rendered to the common council, and changed it. If this fact were as assumed we do not see that it would affect the plaintiff's right to recover what his services were worth. The common council had not allowed the account or acted upon it in any way except to refer it to a committee, and there was nothing in the transaction which would preclude the plaintiff from recovering more than the account first charged. It is true the plaintiff testified in regard to this objection that the account was not altered in any way after it was rendered; that he was in need of money, and only demanded on the account a part of his pay for his services. But, whatever may be the truth as to the alteration of the account as rendered, certain it is there is nothing in that fact, even if it were changed, which would prevent the plaintiff from recovering what his services were worth. *Nauman v. Zoerhlaut*, 21 Wis. 466.

We have assumed that the appeal from " so much of the judgment as exceeds the sum of $60 " was regular and brought the case here for review on the merits, but we do not deem it necessary to decide the point in the view we have taken of the case.

*By the Court.*— The judgment of the circuit court is affirmed.