(Hamilton County Common Pleas.)
MARY L. THOMS v. A. B. MEADER.

An assignee for the benefit of creditors having incurred a personal liability for rent and taxes by accepting and using a leasehold as part of the assigned estate, cannot relieve himself from said liability by mere abandonment of the premises without surrender to the lessor, or transfer of title or restoration to the assignor.

SPIEGEL, J.

This is an action for rent and taxes paid by a lessor. The property was leased for ten years on April 22, 1889, to J. B. C. Moores and H. H. Moores. On February 10, 1890, J. B. C. Moores assigned his interest to his co-lessee, H. H. Moores, who on September 8, 1890, assigned an undivided third to S. H. Strunk, and on August 7, 1891, Moores and Strunk assigned the leasehold to the Blymyer Ice Machine Company, which in October 7, 1891, assigned for benefit of creditors to A. B. Meader, who took possession and continued to use and occupy the premises until about January 1, 1897, when he abandoned them, without conveying title to any one.

The action is to recover rent due and taxes paid between October 3, 1895, and January 3, 1898.

H. H. Moorse and S. H. Strunk file a joint answer admitting liability, but claiming that it is secondary to that of A. B. Meader, trustee.

A. B. Meader files two answers. One as an individual, consisting of a general denial, and the other as trustee for the creditors of the Ice Machine Company, in which he admits liability, and offers to confess judgment

for rent and taxes during his occupancy, but says that he abandoned the premises cn December 19, 1896, and is not liable thereafter.

First. As to the answer of H. H. Moorse and S. H. Strunk. The petition shows no liability cn the part of Strunk, for he was neither an original lessee, nor does any rent remain unpaid during his occupancy; but his answer, nevertheless, admits that he is liable. There is one way in which he might be liable after his title tc occupancy ceased, thus: if by the assignment to him he agreed to perform the conditions of the lease, this would render him liable for the entire balance cf the term, and this liability enures to the lessor. Oil Co. v. Crawford, 55 Ohio St., 161; Borgman v. Spellmire, 4 N. P., 416.

Hence, in the present state of the pleadings, both these defendants will be treated as sustaining the same relation to the case. Their answer claims their liability to be secondary, and this is true, and in case of judgment they have rights analogous to those of sureties, and the form of the judgment must preserve those rights; but that is not a defense, and their answer can not delay or prevent judgment, and the demurrer to it will be sustained.

Second. As to the answer of A. B. Meader as trustee. He admits taking title and going into possession of the leasehold premises. This, in case of an executor, would render him liable either perscnally or as trustee at the lessor's election. Becker v. Walworth, 45 Ohio St., 169.

It is true that an assignee for creditors differs from an executor, for the former can refuse to take, the latter can not; the former takes for a particular purpose, the latter for all purposes; the former may, perhaps, take subject to a reversion in the assignor, and if there is a reversion, there is no privity with the lessor, just as in case of underletting; but there can be no reversion reserved after an executor's title.

Nevertheless, it is settled for the common pleas court, at least, that here is a personal liability, by the decision in Morrison v. Bruce, 1 Nisi Prius, 106, and Cincinnati v. Goodhue, 20 Bulletin, 370; and I follow these decisions rather than White v. Thomas, 75 Mo., 454, denying a personal liability.

Had the assignee refused to accept the lease-hold as an asset, a re-assignment would not have been necessary to avoid liability. Cincinnati v. Goodhue, 20 Bulletin, 370.

But having accepted the consequent liability, he can not be discharged by mere abandonment, retaining title. A rule of law that lets an assignee into an unanticipated responsibility may be unwise and lack simplicity, wherefore, perhaps, a distinction should be drawn between taking the lease-hold as an asset, either for re-sale or to make money cut of it, and taking it merely as a necessary adjunct to the administration of the trust. In the former case, the assignee must be aware of the risk he incurs, while in the latter he may as easily and naturally overlook it. I suggest this distinction merely fcr higher courts, for I am satisfied that in no event can mere abandonment release the assignee. This decision, therefore, does not apply except to facts admitted in the pleadings.

Probably a surrender to the lessor would have ended the liability, as stated in Smith v. Ingram, 90 Ala., 529. So might a restoration of the premises to the assignor as beneficiary of the trust, even without transfer of the legal title. Astor v. L'Amoureux, 4 Sandf. (N. Y.), 524. But the averment is of abandoning the premises, which involves no notice to the lessor, and the liability is clear in such case. Hence the trustee's answer is no defense, and the demurrer to it is sustained.

Third. As to A. B. Meader's general denial in his individual capacity, his admissions in his answer as trustee show that he is personally liable, and the general denial can not be construed further than as a denial not of the facts, but of the resulting legal consequences. The dcctrine of election would not seem to be applicable, for he might be held in his trust

capacity during the trust, and in his individual capacity afterwards, for the recovery sought covers a time including both.

The demurrer to this answer is, therefore, sustained.

Ramsey, Maxwell & Ramsey, for Plaintiff.

Tugman & Baker, for H. H. Moore and S. H. Strunk.

Paxton, Warrington & Boutet, for A. B. Meader.