## James Reardon v. Edward L. Clover.

1. ESTOPPEL—*When it Does Not Apply to an Account Stated.*—A person presented a bill of account to his debtor of the items and amount claimed to be due and owing. Upon the debtor's refusal to pay he brought suit, and filed with his declaration as a copy of the account sued on, a duplicate of the bill before presented. On motion in the trial court he was permitted to amend his declaration by increasing the *ad damnum,* and also to amend his copy of account sued on, to correspond. A recovery for the increased amount was sustained.

**Assumpsit,** for attorney services. Trial in the County Court of Grundy County; the Hon. A. R. JORDAN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

J. L. O'DONNELL, attorney for appellant.

A bill deliberately rendered by the servant, soon after the

completion of the services, and with full knowledge and consideration of all the circumstances, is an admission of the strongest character that it was all his services were reasonably worth—an admission so strong it should constitute the utmost limit of the recovery. Daniels v. Wilber, 60 Ill. 527.

It is the tendency of our courts to limit the recovery to the amount of the bill rendered, in the absence of fraud, mistake, or any effort at compromise between parties, presumably on an equal footing, one with the other. This policy is applied more rigidly where a confidential relation exists, such as that of attorney and client, although it is conceded there is lack of uniformity in the decisions. Vol. 3 (2d Ed.), Am. & Eng. Enc. of Law, 424, n. 3.

W. RAUSCH, attorney for appellee.

Merely rendering an account gives it no binding effect on either party until it is acquiesced in by both parties, when it becomes an account stated. Am. & Eng. Ency. of Law (2d Ed.), Vol. 1, p. 436.

Rendering an account for personal or professional services, without an agreement as to the price thereof, does not preclude the party rendering the bill from proving the actual value of his services. Nauman v. Zoerhlaut, 21 Wis. 472; Brauns v. Green Bay, 78 Wis. 81.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action of assumpsit by appellee against appellant to recover an amount the former claimed was due him from the latter for attorney's fees and legal services. There was a trial by jury resulting in a verdict in favor of appellee for $468.84, upon which the court rendered judgment after overruling a motion for new trial, and appellant prosecutes this appeal.

It appears from the evidence that prior to commencing suit appellee presented to appellant a bill for $229.34, which appellant refused to pay. Appellee then brought this suit and filed with his declaration a bill of particulars or copy of

account sued on, the items of which amounted to $229.34.
During the pendency of the suit, appellee obtained leave of
the court to amend his declaration by increasing the *ad
damnum* to $500, and also to file an amended bill of partic-
ulars, which was done, and the amended bill amounted to
$468.84.   It is insisted that appellee having once presented
his bill for $229.34, and drawn on appellant for that amount,
was bound by such action and could not afterward recover
for a greater amount.   The case of Daniels v. Wilber, 60
Ill. 526, is relied upon by counsel for appellant to sustain
this contention.   The facts of that case are so entirely dif-
ferent from those in the one before us, we do not think the
decision controls the question involved here.   We are of
the opinion appellee was not precluded from claiming a
larger amount than was demanded in the original account,
nor from recovering it if the proofs justified it.   Appellant
did not assent to the account nor promise to pay it, but
refused to pay at all.   It was for the jury to determine the
weight to be given to the account rendered as an admission
of the extent of appellee's claim.   Williams v. Glenny, 16
N. Y. 389; Stryker v. Cassidy, 76 N. Y. 50.

There was a conflict in the evidence as to whether or not
the services were performed under a special contract for a
fixed price.   This was a question of fact for the jury, and
they having found against appellee upon this point, we see
no good reason for disturbing their verdict.

Fault is found in regard to the examination of appellee,
and in permitting him, while testifying as a witness, to refer
to the bill of particulars.   No foundation having been laid
therefor this was no doubt erroneous, but as there is no dis-
pute as to the services having been performed, the error
was harmless.   The only questions for the jury were,
whether the services were performed under a special con-
tract, and if not, then what they were reasonably worth.
As to the value of the services in the absence of a special
contract, the verdict is fully supported by the evidence.
While a reference to and examination of the files in the cases
in which services were rendered, were undoubtedly proper

to enable the witnesses to give an opinion as to the value of the services, it was error to receive them all in evidence, but the only harm we can see was done by their admission was to unnecessarily lengthen the record and add to the costs of appellant in bringing the case to this court, as the bill of exceptions shows they were not read to the jury.

Complaint is made of the instructions, but we think, as a series, they fairly presented the law of the case to the jury and were not erroneous. There was no error in refusing instructions.

The judgment will be affirmed, but one half the costs of the record will be taxed against appellee. Judgment affirmed.