## Clara H. Patterson v. James P. Houston.

1. ADMISSIONS—*Statements of Account.*—The rendering of a statement of account by a creditor to his debtor is in the nature of an admission, and where it has not been procured through any element of fraud or mistake, is to be regarded as an admission of the strongest kind, but is not conclusive as a matter of law, and as an admission only, is to be weighed together with all the other evidence in the case.

Creditor's Bill.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed January 7, 1901. Rehearing denied.

**Statement.**—This appeal is from a decree in a suit begun by creditor's bill.

Appellee, who is a physician, had a claim against James F. Haley upon a *quantum meruit* for professional services. Haley transferred his property, consisting of real estate, to appellant, his daughter. Appellee obtained a judgment against Haley for $656.30 by confession. Upon this judgment, after execution returned unsatisfied, appellee filed this creditor's bill. The cause was referred to a master in chancery. The litigants agreed that the only issue to be tried was the amount due to appellee for professional services. The following colloquy took place at the trial :

" The Master : I understand that they concede the liability of Clara H. Haley to pay the just amount of these fees to the extent, I suppose, of the value of the property which she has received from her father. Is that correct, Mr. Willoughby ?

Mr. Willoughby : Yes, sir. The only issue here is the amount of the bill.

The Master : It was a clear understanding that the property in the hands of Miss Haley was to be liable to the extent of its value for what was equitably due for that account."

Clara H. Haley, afterward intermarried with one Patterson, is the appellant.

The property received by appellant from James F. Haley

is shown to be worth more than the amount of appellee's judgment.

The evidence discloses that about April 1, 1898, appellee, at the request of appellant, sent to her a bill for the services now in question, and the amount of the bill as then rendered was $380. Appellee testified that this bill was rendered upon the distinct understanding that it represented the amount which he would be willing to receive in payment, if the payment were made at once or within a short time. He testified to conversation with appellant as follows:

" She said to me that she was getting into shape so that she would be able to pay some of her debts, and that if I would send her the bill for services I had rendered to her father she thought that within a few days she would be able to pay me in case the bill was not made too large. I told her that I would send a bill that would represent what I was willing to take for the bill for services in case the account was paid within a few days. She said very well, or all right."

Appellant denied this conversation. Afterward, about April 14, 1898, appellee again demanded payment of this bill from appellant. The bill for $380, rendered in April, 1898, was not paid, and in June, 1898, the judgment which is the basis of this bill was entered by confession.

The only other evidence relative to the amount due to appellee for his services, aside from the rendering of the statement of account above referred to, consists of testimony of medical men presented by appellee to show that the amount for which the judgment was rendered, viz., $656.30, is a reasonable amount of compensation for the services rendered.

The finding of the master in chancery upon the one issue of fact presented is as follows :

" I am of the opinion that the amount for which judgment was rendered against James F. Haley, to wit, the sum of $656.30 was, under the evidence in this case, a reasonable charge for the complainant's services rendered to the said James F. Haley and his wife, and was well within the customary and usual charges obtaining among

physicians practicing in the city of Chicago, and that the judgment therefor was not for too large a sum."

The court entered a decree in favor of appellee in conformity with the foregoing recommendation of the master in chancery.

ROGERS & MAHONEY and FREDERICK A. WILLOUGHBY, attorneys for appellant.

LOUIS SPAHN, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

But one question is presented upon this appeal, viz., as to whether the decree is contrary to the evidence in allowing to appellee the amount of $656.30 as just and reasonable compensation for his professional services. And this question is in effect reduced to a question of law, viz., whether the mere fact that appellee had previously rendered a bill for only $380 is conclusive as against him that he is justly entitled to no more than that amount. All the evidence heard in the cause, aside from the fact of the rendering of the bill, goes to show that the amount of the judgment is a reasonable amount to be allowed for the services of appellee. Therefore we can not say that the decree is contrary to the evidence, unless it may be said that the mere fact of the rendering of the prior bill for a lesser amount operates as a sort of estoppel upon appellee to now preclude him from asserting a larger claim. This is in effect the contention of counsel for appellant, and they rely in this behalf upon the decision in Daniels v. Wilbur, 60 Ill. 526. We do not regard the decision in that case as announcing any such doctrine. Upon the facts in that case it was held that the bill first rendered should be taken as the limit of recovery, because under the circumstances of that case it constituted an admission of the strongest character by the claimant as to the real value of his services. The court said :

" This deliberate estimate which Wilbur himself, in view of all the facts in the case, placed upon the value of his

services in the bill presented, was an admission of the
strongest character that it was all that his services were
reasonably worth—an admission so strong that under the
circumstances of this case and for aught that appears in
this record to detract from its force, we think it should
constitute the utmost limit of any recovery on the part of
Wilbur."

But the court did not hold that the rendering of the bill
was conclusive upon the claimant as a matter of law, or
that it was anything more than an item of evidence, an
admission which should be weighed together with all the
other evidence in the case. That the rendering of such a
statement is in the nature of an admission, and, where it
has not been procured through any element of mistake or
fraud, that it is an admission of the strongest character, is
doubtless true. But it is not conclusive as a matter of law.
It is still an admission only, an item of evidence, to be
weighed together with all the other evidence in the cause.
Reardon v. Clover, 81 Ill. App. 526; Williams v. Glenny,
16 N. Y. 389; Stryker v. Cassidy, 76 N. Y. 50; Sherwood
v. Hauser, 94 N. Y. 626; Miller v. Beal, 26 Ind. 234; Nau-
man v. Zoerhlant, 21 Wis. 472, star page, 466; Brauns v.
City, 78 Wis. 81.

There is no evidence here to establish that appellant
accepted the statement rendered and agreed to pay the
amount of it.

Upon a consideration of all the evidence and treating the
rendering of the statement of account by appellee as an
admission, we are not prepared to hold that the decree is
manifestly against the weight of the evidence. The medi-
cal men called by appellee testified that the amount recov-
ered was a reasonable compensation for the services rendered.
No evidence was proffered by appellant to show that the
amount of the judgment was an excessive allowance for the
services rendered. The circumstances attending the ren-
dering of the prior bill were disclosed to the master and the
chancellor. The conclusion reached by them can not be set
aside by this court upon the ground that the single fact of
the admission by appellee so clearly outweighs all the other

628    APPELLATE COURTS OF ILLINOIS.

VOL. 92.] L. V. Trans. Co. v. Pillsbury-Washburn Flour Mills Co.

evidence in the case as to make the decree manifestly bad. No good reason is shown why interest upon the judgment should not be allowed by the decree.

The decree is affirmed.