## W. S. Peck et al. v. John C. Christman.

1. LANDLORD AND TENANT—*Lessors and Sub-Tenants.*—Parties holding under a lease as assignees of the lessee are in privity of estate but not in privity of contract with the lessor and as such are liable only for a breach of such covenants as run with the land.

2. SAME—*Covenants Which Run with the Land.*—The payment of rent reserved and taxes, and a covenant to yield up the premises in good repair, etc., at the end of the term, are covenants running with the land and binding upon the assignees of a lessee.

3. SAME—*Rights of the Landlord Where the Tenant Holds Over.*—Where a tenant withholds possession after the end of his term, the landlord has the right to treat him as one wrongfully in possession, or as a tenant holding for a new term. But after once having elected to hold him to the one liability he will not be permitted to shift his position and elect to hold him to the other.

4. SAME—*What Amounts to an Election.*—Bringing a suit against a tenant for the penalty fixed by the terms of a lease for a wrongful withholding of the premises after the term, amounts to an election by the lessor.

Action of Covenant.—Appeal from the Circuit Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed April 8, 1901.

CHARLTON & COPELAND and COX, HELDMAN & SHORTLE, attorneys for appellants.

THORNTON & CHANCELLOR, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

This suit was by appellee to recover against appellants for breach of certain covenants in a lease. The trial resulted in verdict and judgment for appellee in the sum of $3,250.

Appellants were charged, as assignees of the original lessees, with liability for breaches of the covenants of the lease. The only count of the *narr.*, as originally filed, sought to recover a penalty named in the lease for withholding the demised premises after the expiration of the term of the tenancy. A demurrer was interposed to this

count and sustained. Thereupon appellee abandoned the count and by leave of court filed a new count, charging in effect that appellee had elected to treat appellants as tenants holding over for a new term, and that appellants were liable for breach of the covenants of the lease. There is some controversy as to the validity of the assignment of the lease to appellants; but the fact is undisputed that appellants, after the date of the assignment, held possession until the end of the term created by the lease, and their written correspondence affords sufficient evidence to warrant a jury in concluding that they held under the lease and as assignees thereof. Having thus elected to occupy as assignees of the lease, we are of opinion that they should not now be permitted to question the validity of the deed of assignment. Beale v. Sanders, 3 Bingham (New Cases), 390.

We have, then, to consider the extent of the liability of appellants as such assignees.

As assignees of the lessees, appellants were in privity of estate but not in privity of contract with the lessor. They are therefore liable only for breach of such covenants as run with the land. Sexton v. Chicago S. Co., 129 Ill. 318; C. C. Co. v. Peers, 166 Ill. 361; Spencer's Case, 5 Coke, 16; Martyn v. Clue, 18 Ad. & El. N. S. 661; Post v. Kearney, 2 Comstock (N. Y.) 394; Gerzebeck v. Lord, 33 N. J. Law, 240.

The payment of rent reserved and taxes are covenants binding upon such assignees. So, too, is a covenant to yield up in good repair. Cases cited, *supra*.

The verdict here appears to have been based partly upon damages allowed for breach of the covenant to repair and yield up in good condition, and partly upon recovery of rent for a new term after the expiration of the term of the lease.

So far as the latter basis of recovery is concerned, we are of opinion that it can not be sustained. Appellants at the expiration of the time covenanted by the lease yielded possession, except as to a portion of the premises occupied by a sub-tenant. Although appellants made efforts to recover

possession of this sub-tenant, yet he succeeded in holding possession for some time after the end of the term. It is upon this fact that a liability is sought to be imposed upon appellants as tenants holding over for a new term. The landlord has the right, when a tenant withholds possession after the end of his term, to treat him as one wrongfully in possession or as a tenant holding for a new term. But after having once elected to hold him to the one liability, he is not permitted to shift his position and elect to hold him to the other. And slight acts will be construed as constituting such an election. Here appellee elected to hold appellants as wrongfully in possession and subject to the penalty prescribed in the lease. The count filed as the original declaration is based upon such an election. The fact that a demurrer was sustained to it does not alter the conclusion. If the demurrer was improperly sustained, the error can not be now corrected to sustain this recovery. Bringing the suit for the penalty was an election by appellee. C. W. C. Co. v. Gardner, 99 Ill. 151.

Further evidence of this election of appellee to treat appellants as wrongfully holding and not as tenants for a new term, is found in the memoranda given by appellee to representatives of appellants, purporting to show items of amounts due to appellee from appellants, among which items is one for " detention for thirty days at $25 a day," i. e., the penalty fixed by the terms of the lease for a wrongful withholding of the premises after the term.

Therefore we are of opinion that appellee can not recover against appellants as tenants holding for a new term. The covenant to pay rent for the term, which is a covenant obligatory upon appellants, has been kept. The rent is paid for the term. The covenant to pay taxes and assessments is also a covenant running with the land and obligatory upon appellants as assignees and in privity of estate with the lessor. Appellants took possession under the assignment in December of 1893, and they occupied until the end of the term, viz., the 28th of February, 1896.

Evidence was given as to taxes and assessments accruing

within this period and unpaid. Such a failure to pay taxes and assessments would be a breach of the covenant to pay taxes and assessments, which was binding upon appellants. The covenant to pay ground rent was also obligatory upon appellants. The covenant to yield up in good condition and repair was also binding upon appellants as a covenant which ran with the land. In Martyn v. Clue, *supra*, Campbell, C. J., said:

"With respect to putting the premises in repair and to delivering them up in repair, we think that each of these stipulations comes within the class of covenants that run with the land, and that they are continuing covenants to the end of the term. * * * The covenant to leave in repair at the expiration of the term is broken during the term if, at the instant of leaving, the premises are out of repair."

The evidence as to the extent of repairs necessary to put the premises "in good condition and repair" is not such as warrants us in affirming the judgment for such amount, together with amounts allowed for taxes and ground rent, upon a remittitur of the excess. In January, 1896, about one month prior to the end of the term of the lease, appellee sent the following letter to appellants:

"CHICAGO, Jan. 25, 1896.

W. S. PECK & Co., Syracuse, N. Y.

I have received word from your Mr. Brundage of 835 New street, that you wish an itemized statement showing what it would cost to restore premises 835 to 843 Root street, to the same condition they were when Messrs. Olson & Baker first entered upon the same. I herewith enclose you this statement showing as far as they have observed what alterations were made and what it will cost to restore them to the former condition.

If you would rather send us a check for $175 than to do the work, it will be agreeable to me. We are expecting to make some alterations on the building, but at present do not know what it will be, or whether part of repairs could be left out or not. Please advise us and oblige,

Yours truly,

J. C. CHRISTMAN."

The itemized statement referred to in the foregoing letter is as follows:

" J. C. Semm,

Carpenter & Builder.        94 La Salle St., Room 27.

" Chicago, January 25, 1896.

Mr. J. C. Christman, 916 Chamber of Commerce, City:

Dear Sir: The undersigned proposes to restore alterations in your two story store and flat building on Root street, near Halsted street, to its original condition at the following prices:

| | | |
|---|---|---|
| 1 sash in show window 6 ft. 4 in. x 10 ft., to correspond on opposite side | $  9 | 00 |
| 2 openings 7 ft. 10 in. x 12 ft. 0 in. built of tiles | 120 | 00 |
| 4 patches of plastering 7 ft. 0 in. x 12 ft. 0 in | 17 | 00 |
| 28 lin. ft. base board and put in place | 4 | 20 |
| 1 water closet | 20 | 00 |
| 1 opening change from window to door, bricking up new stone wall | 9 | 00 |
| 1 new sash casing and window opening | 8 | 50 |
| 1 board partition replaced under stairway | 6 | 50 |
| 1 chimney in store replaced | 12 | 00 |
| 1 closet door, hardware and painting | 4 | 75 |
| 1 casing of door replaced | 2 | 25 |

$213 20

J. F. Semm."

In March, 1896, the month following the end of the term of the lease, appellee presented the following memoranda of his entire claim for penalty, taxes, assessments and repairs:

" Replacing tiling in partitions; plastering chimneys; water closet plastering; repairing gravel roof; replacing two large front plate glass; replacing entrance to one store room; replacing transom glass along entire front; paper hanging; plumbing; cleaning rubbish; detention for thirty days at $25 a day; taxes for 1895; special assessment for pavement, $2,197.65."

The affidavit of plaintiff's claim, filed July 28, 1897, with the declaration, states the total amount due $2,329.18. Upon the trial appellee testified to items of repair which aggregated some $1,300. Aside from this, the evidence was very conflicting as to the extent and cost of repairs necessary to replace the premises in as good condition as when given by the lessor to the original lessees. The bill

first rendered by appellee is not conclusive against him as to the amount of his claim, but it is a strong item of evidence as an admission in this behalf.    Patterson v. Houston, 92 Ill. App. 624.

The entire recovery is for $3,250.    It can not be sustained in its entirety.    We are of opinion that in consideration of all the evidence we should not attempt to permit a cure by remittitur.    Therefore the judgment is reversed and the cause is remanded.