## Esther Wadlow v. Lawrence Markey.

1. VOLUNTARY ASSIGNMENTS—*Election by Assignee as to Performance of Insolvent's Lease.*—An assignee has the right to elect whether or not he will adopt his insolvent's lease, and he is entitled to a reasonable time within which to make such election.

2. SAME—*When the Assignee is Personally Liable.*—Where an assignee, though acting for and on behalf of the insolvent whom he represents, makes an express contract, he is personally bound by it, unless he sees to it that the person with whom he so contracts is required to look to the estate or trust fund alone.

3. SAME—*Liability of the Assignee Under a Lease.*—An assignee is personally liable if he takes possession of premises demised to the insolvent and remains in possession beyond a reasonable time to make an election as to whether he will take the lease as an asset of the insolvent estate.

4. INSTRUCTIONS—*As to Liability of the Assignee.*—An instruction in a case against an assignee on a lease which requires the jury, if they believe from the evidence that the assignee occupied premises as the assignee of the insolvent, and in no other capacity, to find for the assignee, is erroneous, as it is not necessary, to hold the assignee liable, that he occupy the premises, but only that he elect to take the lease as an asset of the insolvent estate.

Assumpsit.—Common counts. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed June 20, 1901.

Statement by the Court.—Appellant brought assumpsit in the Circuit Court against appellee to recover ground rent from March 1st to December 31, 1898, under a lease from her to the members of the firm of Sommers, Kuehne & Co., for a term beginning May 1, 1896, and ending April 30, 1901, and certain taxes paid by appellant on the demised premises, together with interest. The declaration consists of a special count against appellee as the assignee of said lease, and the common counts. The plea was the general issue, with notice of a special defense, in substance, that appellee was an assignee for the benefit of creditors of said firm, which was insolvent; that the appellant, in the County Court, where the insolvency proceedings were pending, sought to charge appellee as assignee of said insolvents with

the same rent here sought to be recovered, and that the decree of the County Court in that behalf would be given in evidence.  A trial before the court and a jury resulted in a verdict finding the issues for the defendant and judgment thereon, from which this appeal is taken.

The court gave certain instructions for appellant, but refused the following, to wit:

"The jury are instructed, as a matter of law, that if they believe from the evidence that the defendant intended to retain the leasehold interest of Sommers, Kuehne & Company in the land described in the lease in evidence, and if you further believe from the evidence that the plaintiff had reasonable grounds to believe that said defendant intended to so retain said leasehold, then the defendant is liable under the terms of said lease."

The court also, at the request of appellee, among others, gave the following instruction, to wit:

"The court instructs the jury that if they believe from the evidence in the case the defendant herein occupied the premises described in the plaintiff's declaration as the assignee of Sommers, Kuehne & Company, insolvents, and in no other capacity, then their verdict must be for the defendant."

Louis E. HART, attorney for appellant.

BULGER & GLASS, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

The principal question presented for consideration in this case is as to the liability of an assignee for the benefit of creditors of an insolvent upon a lease to the insolvent which was in existence at the time of the assignment, and where the demised premises were used by the assignee in closing up the insolvent's business, and without an express contract between the assignee and the lessor.

It appears from the evidence that the individual members of the firm of Sommers, Kuehne & Co. made a general deed of assignment for the benefit of their creditors, under the statute, to appellee June, 28, 1897, which was accepted by the latter and recorded in the recorder's office of Cook

county. He immediately took possession of the insolvent estate and of the premises demised by said lease to said insolvents, being the same where they had theretofore carried on their business. There was a brick building on these premises which belonged to said insolvents, for which, under the terms of the lease, at its expiration the lessees were entitled to be paid the full value by the lessor upon appraisement then to be made; provided, however, that in case the lease should be declared void and the term ended, on account of default of the lessees in the covenants of the lease, then the lessees should not be entitled to receive compensation for the building, but the same should belong to the lessor as part and parcel of the land demised. This building was inventoried by appellee in the County Court proceedings, and valued at $1,500.

Under order of the County Court, made September 13, 1897, the assignee was directed to pay rent for the demised premises from the date of the assignment to September 28, 1897, and thereafter, on April 18, 1898, after a hearing in the County Court of a petition of appellant asking that the appellee, as assignee, be directed to pay the rent of said demised premises from October 1, 1897, to March 31, 1898, that court ordered appellee, as such assignee, to pay rent for said premises for five months from September 28, 1897, the sum of $250, which was $12.50 per month less than provided by the lease, and that said payment should be in full of all claims of appellant against the insolvent estate. The court also found that said estate was not liable to appellant in any way under the terms of said lease by reason of any acts of said assignee. Thereafter, and after the commencement of this suit, appellee, as assignee of said insolvent estate, was discharged.

Appellee, as assignee, used and occupied said demised premises from the date of the assignment up to and including February 2, 1898, at or about which time, pursuant to the order of the County Court directing him to vacate the premises and surrender them to the lessor, he tendered the keys thereof to the latter's agent, who refused to accept the same.

During the time that appellee had possession of the demised premises, he made various efforts to sell the building and leasehold to different parties, but was not successful. He also during the same time had negotiations with appellant's agent to sell the building to her, but was unsuccessful, the agent stating to appellee that he expected to collect the rent under the lease. At one time appellee suggested to appellant's agent that the lease be canceled. Appellee also, in a petition which he filed in the Circuit Court on September 13, 1897, stated that said building was a valuable asset of the estate, and he believed that he could get a good fair figure for the same, which would be an interest to all the creditors, and asked to be permitted to pay the three months' rent then due to appellant. The court made an order directing payment of such rent.

In a petition filed in the County Court February 2, 1898, appellee stated that he had inventoried said lease as worth $1,500, evidently referring to the building upon the demised premises, which was inventoried at that price. The lease is not mentioned in his inventory. In this same petition appellee stated to the court what had been his efforts to sell the lease and buildings; that they had not been successful, and that he was unable to get any offer for the building and lease; that he had then used the premises for the sale of the insolvent estate for seven months, and asked that the court order him, as assignee, to vacate the premises and to turn over the same to appellant, which was done. He testifies that he continued in the possession of the demised premises up to this date and "finished some work that was there," and again testifies, " I sold out the material that was there belonging to these insolvents about December 8, 1897."

Considering the nature of the business of the insolvents, which was that of manufacturing, the negotiations between appellee and appellant's agent with regard to the rent and the sale of the building, which it is testified was worth $4,000, as well as the suggestion of appellee that the lease be canceled, and that when appellee had wound up the business and sold out the material belonging to it, and found

he could make no sale of the building and lease, he asked to turn over the premises to appellant, we think that, under the authorities hereinafter cited, there was presented a question of fact for the jury as to whether appellee, as assignee, elected to and did take the lease in question as an asset of the estate, and thereby made it his own.

In the case of Journeay v. Brackley, 1 Hilton (N. Y.), 455, et seq., numerous cases are cited and commented upon as to the different circumstances and facts under which it has been held there was and was not an election. Among others, the case of Hill v. Dobie, 8 Taunton, 325, in which the assignees even released an under-tenant from liability, and in Wheeler v. Bromah, 3 Camp. 340, in which the assignees left the insolvent's effects upon the premises nearly one year, and paid rent for three-quarters of a year to prevent a distress, and by agreement with the landlord after that time, the lease was offered for sale with the other property at auction, to see if it was worth anything, the assignees declaring that, otherwise, it was not their intention to take the premises. In both these cases it was held the assignees were not liable.

The facts that appellee was acting in a representative capacity, and did not, at any time, make an express contract or arrangement with the appellant to accept the lease, made efforts to make it available to the insolvent estate while he was winding up the business, and asked leave to surrender the premises as soon as he certainly determined the lease was of no value, that it nowhere appears that the landlord insisted that appellee should make an election, and that she sought to recover her rent from the estate, all being considered, we are not prepared to hold but that reasonable minds might differ upon the question as to whether the appellee accepted the lease as an asset of the estate, and thereby became bound to pay rent under its terms.

In DeWolf v. Royal Trust Co., 173 Ill. 437, the Supreme Court, in speaking of the liability of a receiver, which is similar to that of an assignee in cases of this kind, say:

" The rule is that a receiver does not, simply by virtue of

his appointment, become liable upon the covenants of a lease made prior to his appointment, by the party for whom he is receiver, but he has a right to elect whether he will accept the lease and make it his own, or whether he will refuse to accept it.   It might be that it would be valueless for the purpose of the trust or even a burden, and if so it could not be forced upon him.   \* \* \*   For the purpose of making such election he is entitled to a reasonable time to ascertain whether the lease would be desirable.   The mere acceptance of the trust does not render the receiver liable for rent of the premises, and he can not be held until he elects to hold possession as receiver or does some act which is equivalent to such election.   (Spencer v. World's Columbian Exposition, 163 Ill. 117.)   If he remains in possession beyond a reasonable time to make the election, he, by implication, elects to accept the lease and becomes bound as receiver under its terms, and the remedy of the landlord for the rent may be sought against the estate of which he is receiver.   If a receiver elects to adopt a lease he becomes vested with a right to the leasehold estate and a privity of estate is thereby created between him and the lessor, by which he becomes liable upon the covenant to pay the rent."

In Link Belt Machinery Co. v. Hughes, 174 Ill. 155–60, this rule is re-affirmed by the Supreme Court, citing many authorities, and in ·Bradner Smith & Co. v. Williams, 178 Ill. 420–4, the court say:

" The general rule is that a trustee holding property or administering a trust for the benefit of individuals or a class of individuals, such as the creditors of an insolvent, is bound personally by the contracts which he makes in that capacity."

And the court further, in speaking of the liability of a trustee in this regard, say:

" The decisions are uniform that a guardian, executor, administrator, trustee or other person acting in such relation, binds himself personally unless he exacts an agreement from the person with whom he contracts to look to the funds exclusively.   This personal liability does not depend upon whether the charge would be a proper one by the trustee against the fund or estate, or whether he should be allowed reimbursement for the money paid.   This is a matter wholly between him and the beneficiaries of the trust."

The court in that case held an assignee of an insolvent estate liable personally on contracts made by him as assignee and acting on behalf of the estate.

There seems to be no doubt upon the authorities, that where an assignee, though acting for and on behalf of the estate of the insolvent which he represents, makes an express contract, he is personally bound by it, unless he sees to it that the person with whom he so contracts is required to look to the estate or trust fund alone.    He is also liable if he takes possession of premises demised to the insolvent and remains in possession beyond a reasonable time to make an election as to whether he will take the lease as an asset of the insolvent estate.    Journeay v. Brackley, 1 Hilton (N. Y.), 447, and cases cited; People v. Ins. Co., 30 Hun, 142; Rogers v. Wendell, 54 Hun, 540; Patton v. Royal, etc., Co., 114 N. Y. 1; Commonwealth v. Ins. Co., 115 Mass. 278–82; Turner v. Richardson, 7 East, 159 (335); Taylor on Landlord & T., Secs. 436 and 437; U. S. Trust Co. v. Ry., 150 U. S. 299, and cases cited; Carter v. Warne, 4 Carr. & Payne (C. L. R.), 470.

In 115 Mass. 282, *supra*, the court say :

" There must be some occupation and use of, or some dealing or intermeddling with the estate, or some act, admission or agreement which, in terms, or by necessary implication, indicates an election."

In the Trust Co. case, *supra*, the Supreme Court of the United States say :

" If he elect to adopt a lease the receiver becomes vested with the title to the leasehold interest and a privity of estate is thereby created between the lessor and the receiver by which the latter becomes liable upon the covenant to pay rent."

So here, if the assignee as a matter of fact did elect to take this lease as an asset of the estate and adopt it as his own, though acting as assignee, he thereby created a privity of estate between him and the lessor, although there was no privity of contract and he would thus become liable personally, for the rent.    See also, Peck v. Christman, 94 Ill. App. 435.

Wadlow v. Markey.

The only case that we have been able to discover holding a contrary rule, is that of White v. Thomas, 75 Mo. 454, which gives no precedent upon which to base the ruling.

It is true that in the De Wolf case, *supra*, the Supreme Court say that where a receiver " elects to accept the lease, he becomes bound as receiver under its terms, and the remedy of the landlord for rent may be sought against the estate of which he is receiver;" but if this means that the landlord is limited to a remedy against the estate, we think the ruling is modified by the later decisions of the court above mentioned.

We see no error in the refusal by the court of appellant's instruction quoted in the statement, for the reason that by it the plaintiff's right of recovery is made to depend upon the intention of appellee to retain the leasehold interest, whereas, as we have seen, he is not liable unless in fact he does, expressly or by implication, accept the lease as an asset of the estate.

The instruction given for appellee and quoted in the statement is, in our opinion, clearly erroneous, in that it, under the evidence in the case, practically amounts to a direction to the jury to find for appellee, as there is no evidence that he occupied the premises in question in any other capacity than as assignee. As we have seen from the authorities cited, it is not necessary, in order to hold the assignee liable for rent, that he occupy the premises, only that he elect to take the lease as an asset of the insolvent estate.

The County Court did not pass on the question of appellee's personal liability and its decision can not be *res adjudicata* in this case.

For the error in giving this instruction the judgment is reversed and the cause remanded.