Lally v. The New Voice.

---

### George H. Lally v. The New Voice.

#### Gen. No. 12,698.

1. TENANCY FROM YEAR TO YEAR—*when does not exist.* Where the holdover by the tenant is with the knowledge, consent and acquiescence of the landlord, a tenancy from year to year does not exist.

2. INSTRUCTIONS—*estoppel to complain of errors in.* A party cannot complain of errors in instructions which have been induced by himself.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 8, 1906.

GEORGE W. WILBUR, for appellant.

PECKHAM, SMITH, PACKARD & AP MADOC, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Appellant sued appellee for five months' rent of premises numbers 325 and 327 Fifty-fifth street, Chicago, before a justice of the peace of Cook county and there obtained a judgment for $175, the amount claimed, from which appellee perfected an appeal to the Circuit Court, where, upon trial, the jury rendered a verdict in favor of appellee, upon which the court entered a judgment, in an endeavor to reverse which this appeal is prosecuted.

The evidence tends to establish that appellee, a tenant of appellant under a lease for one year ending April 30, 1903, was approached by the agent of the landlord in the month of February preceding the end of this term, with a request to execute a new lease for an additional year. Wooley, the president of appellee, told the agent that his company had bought a place into which they expected to move May first if the occupant vacated by that time. If possession was not surrendered, his company would take a lease from month to month at the same monthly rental and remain as such tenant until such time as possession of its own property was obtained. This the agent declined to accede to, saying he must put up "To Rent" signs, which he did, with the consent of Wooley. There is a conflict in the testimony as to when the "To Rent" signs were taken down. Appellant contends they were taken down about April 20, 1903, while the witness Blake, an employe of appellee at the time, testifies they were taken down June 8, 1903. Of that he says he is positive, because he made a memorandum of the fact at the time. On September 23, 1903, appellee gave written notice to appellant that it would vacate the premises on or before November 1, 1903. Appellee did vacate, at the

end of October, paying rent to and including the month of November at the same rate as under the lease.

We are of the opinion that the verdict is clearly sustained by the evidence. There is nothing in the evidence about any claim made by appellant that if appellee held over it would be regarded as a tenant for another year. The fact of the "To Rent" signs being put up by appellant with the consent of appellee, following appellee's refusal to enter into a lease for another year, inhibits any implication of a lease for an additional year being intended by the parties, and the fact that appellee made known its intention of removing to its own premises, which it had then lately acquired, is wholly inconsistent with the theory now advanced by appellant, of a tenancy being created for another year, either expressly or by implication. Appellee in no view of the evidence can be treated as a tenant holding over after the expiration of the year term and becoming thereby a tenant at the will of the landlord. The holding over here was with the knowledge and consent of the landlord, under conditions made known at the time, in which appellant acquiesced. The tenancy created by the conditions arising upon the actions of the parties, before and since April 30, 1903, is a monthly tenancy, with an express agreement on the part of appellee to vacate at any time on appellant's procuring another tenant. There is no attempt here to rebut the presumption arising from the holding over by any claim that the intent of the tenant was to the contrary. The terms of the tenancy are fixed alike by the actions of the landlord and the tenant, and it is too late for appellant to recede from the terms of the contract which his dealings with appellee impose upon him.

We do not call in question or challenge the legal principles announced in Chicago Theological Seminary v. Chicago Veneer Co., 94 Ill. App. 492, but we

hold that the facts of this case do not fall within the ruling there announced.

This case is by analogy within the ruling of Peck v. Christman, 94 Ill. App. 435. There the landlord was held, after once exercising his right of election, to be estopped to change or shift his position. Slight acts on the part of the landlord will be construed as constituting an election. So here appellant had the legal right to treat appellee as a tenant for another term or as a trespasser. He did neither. He advertised the premises for rent for more than a month after his right of election had accrued. By his acts he accepted the terms of continued occupancy proffered by appellee. To hold to the contrary would do violence to the words and actions of both the parties.

Appellant tendered an instruction—which the court gave—in which certain dates were misrecited. While reading the instruction the court discovered the mistake and corrected it, with the consent of counsel for appellant. The error was in reference to the date of the termination of the lease, which was "the 30th day of April, 1903." It was originally written "1904." Rent sought to be recovered was for the months of December 1903, and January, February, March and April, 1904. The court erroneously changed the years 1903 and 1904 to 1902 and 1903. Counsel for appellant stood by without any protest or suggestion and allowed the error to be made without objection. The difficulty presented was of appellant's own creation. His silence must be construed as acquiescence. He is estopped to now complain of errors of which he was the author. On the other hand, yielding the point in favor of appellant, can it be said the error worked him any injury? There was no dispute in relation to the months for which rent was claimed. It was admitted that all rent had been paid to and including the month of November, 1903. The concluding clause of this instruction directed the jury's attention to the leasing in

dispute. This plainly appears from the language used, which is, "Then your verdict should be for the plaintiff for the amount that remains unpaid under the terms of a lease terminating on the 30th day of April, 1904." By this the jury could not be deceived. They were evidently not misled to the prejudice of appellant. It is harmless error and such that has been repeatedly held insufficient to authorize the reversal of a judgment, the record of which is otherwise free from error.

The judgment of the Circuit Court is affirmed.

*Affirmed.*