## FREDERIC POPE *vs.* ALVAH A. BURRAGE & others.

Suffolk.    March 27. — June 20, 1874.    AMES & DEVENS, JJ., absent.

Although an advertisement, under a power of sale in a mortgage, does not state the terms of sale, or that the terms would be stated at the time of the sale, the fact that at the sale a deposit was required, and that this prevented a person then present from bidding, does not invalidate the sale, if the mortgagee acted in good faith, and the requiring a deposit was usual and reasonable.

The finding as a fact that the holder of a mortgage in selling the mortgaged premises did all that was required by the terms of the power of sale contained in the mortgage, and by the good faith required of a mortgagee selling under a power is equivalent to a finding that the terms of the sale were usual and reasonable, and calculated for the protection of all parties interested.

BILL IN EQUITY against Alvah A. Burrage and William W. Burrage, executors of William Burrage, Josiah Burrage and Edward G. Russell, to redeem a parcel of land in Cambridge from a mortgage. Hearing before *Devens*, J., who reported the case for the consideration of the full court substantially as follows:

The defendants, Alvah A. and William W. Burrage, assignees of the mortgage, advertised the premises for sale under the power. The advertisement gave no notice that any sum of money was to be required as a deposit at the time of sale.

At the sale, September 8, 1873, the auctioneer gave notice that a deposit of two hundred dollars would be required, unless the purchaser was known either to the holders of the mortgage or to the auctioneer. The defendants, Josiah Burrage and Russell, were both present at the sale in consequence of having seen the advertisement, and the said Russell, being unknown, did not bid because he had not the sum of money to make the deposit, and the estate was sold to the defendant, Josiah Burrage, for $2550. The plaintiff did not know of and was not represented at the sale. On September 17, 1873, Josiah Burrage sold the estate to the defendant Russell, for $3000.

The defendants, Alvah A. and William W. Burrage, had made several written demands upon the plaintiff for payment of the mortgage debt; and on June 27 gave notice that if the debt was not paid they should foreclose the mortgage; and on July 29, 1873, gave him written notice that they should proceed to foreclose the mortgage, but gave no notice to the plaintiff of the time or place of the sale, other than by publishing said advertisement.

The judge found that there was no want of good faith on the part of the holders of the mortgage; that upon all the evidence, the holders of the mortgage did all that was required by the terms of the power, and by the good faith required of a mortgagee selling under a power, subject to the opinion of the full court on the question reserved; and that the premises were worth at least three thousand dollars.

The presiding judge reserved the question whether, inasmuch as the advertisement did not state the terms of sale, or that the terms would be stated at the time of the sale, the fact that at the sale a deposit was required as above set forth, and that this prevented a bid by said Russell, rendered the sale invalid, and entitled the complainant to the relief prayed in his bill.

*O. W. Holmes, Jr. & W. A. Munroe,* for the plaintiff. A scrupu-
lous regard to the interests of the mortgagor is always required
in the summary proceeding under a power of sale. *Montague* v.
*Dawes,* 14 Allen, 369, 373. Thus in the form of the advertise-
ment a literal compliance with the terms of the power is not
enough, if anything more can reasonably be done to secure the
interests of the purchaser. It must show who orders the sale.
*Roche* v. *Farnsworth,* 106 Mass. 509. *Hoffman* v. *Anthony,* 6
R. I. 282. It must properly describe the premises and the in-
terest to be sold, so that parties may know what they are going
to buy. *Fenner* v. *Tucker,* 6 R. I. 551, 553. *Fowle* v. *Merrill,*
10 Allen, 350. *Burnet* v. *Denniston,* 5 Johns. Ch. 35, 42. It
must set forth the time and place of the sale. *Fenner* v. *Tucker,*
*supra.* It must, in short, inform the public beforehand what,
when and, how they may buy. It is another equally clear prin-
ciple that any conduct of the person controlling the sale which
tends to diminish competition is a ground for setting the sale
aside, especially if the mortgagor is absent. It is enough that he
causes the loss of a single bid. *Fenner* v. *Tucker, supra.* 1 Sugd.
Vend. & Purch. (Am. ed.) 17, and cases cited note *q.*

*W. W. Burrage,* for the defendants A. A. & W. W. Burrage.

*A. B. Coffin,* for the defendant J. Burrage.

*H. C. Hutchins,* for the defendant E. G. Russell.

MORTON, J.   The report finds that there was no want of good
faith on the part of the holders of the mortgage, and that they
did all that was required by the terms of the power, and by the
good faith required of a mortgagee selling under a power.

It also finds that the advertisement gave no notice, that any
sum of money would be required as a deposit at the time of the
sale, or that the terms would be then stated, that at the sale the
auctioneer gave notice that a deposit of two hundred dollars
would be required, unless the purchaser was known either to the
holder of the mortgage or to the auctioneer, and that Russell was
present at the sale in consequence of having seen the advertise-
ment, and did not bid because he had not the sum of money
to make the deposit. The only question reserved is whether
the fact, that a deposit was required as above set forth, thus
preventing a bid by said Russell, of itself rendered the sale
invalid.

The power of sale in the mortgage is very broad. It authorizes the mortgagee or his assigns to sell the granted premises at public auction on or near the premises. It does not undertake to prescribe the mode in which the auction sale shall be conducted, and by reasonable implication it authorizes the mortgagee to adopt such terms of sale as are usual and necessary to execute it with effect. The power to do an act includes the power to do all such subordinate acts as are usually incident to or are necessary to effectuate the principal act in the best manner. *Goodale* v. *Wheeler*, 11 N. H. 424. The literal terms of the power would authorize a sale for cash. The requiring a deposit of two hundred dollars, unless the purchaser was known to be responsible, was designed, and naturally tended, to protect the interest of the mortgagor and mortgagee. We cannot say, as matter of law, that it was unreasonable. The finding of the court that the donee of the power did all that was required by the terms of the power, and by the good faith required of a mortgagee selling under a power, implies that the terms adopted at the sale were usual and reasonable, and calculated for the protection of all parties interested.

A similar question arose in *Model Lodging House Association* v. *Boston*, 114 Mass. . In that case the donee of the power required a deposit of one hundred dollars at the time of the sale, though this was not stated in the published notice as one of the terms of sale. It was found as a fact that the donee acted in good faith, and it was held that the adoption of this condition did not, of itself, invalidate the sale and defeat the title of a stranger who purchased in good faith.

Upon the facts stated in the report, we are therefore of opinion, that no sufficient ground is shown to set aside the sale and defeat the title of the purchaser. *Bill dismissed.*