FANEUIL INVESTORS GROUP, LIMITED PARTNERSHIP *vs.*
BOARD OF SELECTMEN OF DENNIS & another.[1]

Suffolk. May 6, 2010. - September 16, 2010.

Present: MARSHALL, C.J., IRELAND, SPINA, CORDY, BOTSFORD, & GANTS, JJ.

*Real Property*, Reverter, Conveyance, Mortgage, Deed. *Mortgage*, Real estate. *Deed*, Condition. *Municipal Corporations*, Town meeting.

In a civil action filed in the Land Court by a plaintiff seeking to reinstate its mortgage on certain property, formerly owned by a town's housing author- ity, that had reverted to the town after violation of restrictions set forth in the deed from the town to the housing authority (namely, the housing authority's grant of a mortgage that was now held by the plaintiff), the judge properly concluded that the housing authority's grant of a mortgage was a conveyance that triggered the reverter provision in the deed, where under established Massachusetts law, a mortgage is a conveyance of title [6-7], and where the language of the reverter provision at issue was not ambiguous and

---

[1]Dennis Housing Authority (authority).

gave notice that the grant of a mortgage would trigger it [7-8]; further, the town's board of selectmen acted within the bounds of its authority in including the reverter clause in the deed, in that the reverter provision was not different in a substantial respect from that approved and authorized by a town meeting vote [8-10].

CIVIL ACTION commenced in the Land Court Department on April 24, 2008.

A motion for lis pendens and a motion to dismiss were heard by *Keith C. Long,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Dana Alan Curhan* for the plaintiff.

*Jonathan M. Silverstein* for board of selectmen of Dennis.

*John R. Costello & Kathleen Fowler,* for Dennis Housing Authority, submitted a brief.

*Joel A. Stein,* for Real Estate Bar Association for Massachusetts, Inc., & another, amici curiae, submitted a brief.

IRELAND, J. This case concerns a parcel of land (land) owned by the town of Dennis (town). The board of selectmen (board) deeded the land to the Dennis Housing Authority (authority) so that affordable housing could be constructed. The deed contained a reverter clause that prohibited a conveyance or transfer of the land without the consent of the board. The authority secured a mortgage on the land without the board's consent; the town invoked the reverter clause and revested title to itself. The plaintiff, Faneuil Investors Group, Limited Partnership, the assignee of the authority's mortgage, filed a complaint and a motion for lis pendens in the Land Court, challenging the town's action. A Land Court judge held that the granting of a mortgage was a conveyance of title under Massachusetts law and that the town properly invoked the deed's reverter clause. The judge also held that the board had the authority to include the reverter clause in the deed. Although he dismissed the board's special motion to dismiss the plaintiff's complaint, G. L. c. 184, § 15 (*c*),[2] he treated the motion as if it were brought under Mass. R. Civ. P. 12 (b) (6), 365

_____

[2]Under G. L. c. 184, § 15 (*c*), a party who believes that a claimant's action or claim supporting a lis pendens is frivolous may file a special motion to dismiss. If the judge finds the claim or action frivolous, he may award the moving party costs and attorney's fees.

Mass. 754 (1974), dismissed the plaintiff's claims, and ordered all references to the plaintiff's mortgage and other interests be struck from the town's certificate of title. He also denied the plaintiff's motion for a lis pendens. The plaintiff appealed, and the Appeals Court affirmed the decision of the Land Court judge. *Faneuil Investors Group, Ltd. Partnership* v. *Selectmen of Dennis*, 75 Mass. App. Ct. 260 (2009) (*Faneuil Investors*). We granted the plaintiff's application for further appellate review. Because we conclude that the judge did not err, and agree with the judge that the plaintiff does not have a valid mortgage on the land, we affirm the decision of the Land Court.

*Facts.* We summarize the essential undisputed facts as found by the Land Court judge.

The town acquired the land by eminent domain in August, 2001, pursuant to a unanimous town meeting vote which, in relevant part, authorized the board to:

> "[T]ransfer ownership and/or control [of the land] to the [authority] . . . for the purpose of providing affordable housing for low and moderate income residents . . . . Any deed transferring the property shall provide that in the event the property ceases to be used for the purposes provided herein, the title to [the land] shall revert to the [town], acting by and through its [board]."

In February, 2002, the board conveyed the land to the authority for nominal consideration of one dollar. The deed contained, in relevant part, the following condition subsequent:

> "The Town shall have the right to enter upon the Property and revest title back to it upon the occurrence of any of the following events:

> "(1) The Grantee ceases to exist or function as a municipal housing authority by the Commonwealth of Massachusetts Department of Housing and Community Development and its successors.

> "(2) The Property is conveyed or transferred without the written consent of the [board].

> " . . .

"Notwithstanding the foregoing, no such entry shall occur until such time as the Town has notified the Authority of such occurrence and the Authority fails to cure such event to the reasonable satisfaction of the Town within thirty (30) days of receipt of such notice."

The deed was signed by the members of the board. The chairperson of the authority also signed it, agreeing: "It is intended that the conditions as stated in this deed remain in perpetuity and this deed and the terms and conditions as stated herein are accepted and agreed to as perpetual conditions by the [authority] . . . ."

On March 2, 2002, after the land had been deeded to the authority, but before the title had been registered, the authority executed a $400,000 mortgage with Citizens Bank (bank). The authority did not obtain the board's consent for the mortgage, which apparently was for construction. The judge found that the bank closed "with knowledge of [the] limitations on the [a]uthority's fee interest in the property."[3] The deed was filed with the Barnstable Land Court registry on March 7, 2002, and noted on the certificate of title's encumbrance sheet as "restrictions," which referenced the bank's mortgage, collateral assignment and other rights, and financing statement. The authority received a certificate of title on that date.

In addition, a town meeting vote in 2006 gave the board discretion to "release the right of reverter contained in that certain deed [to the authority] . . . on terms deemed in the best interest of the town, and to accept as consideration for such release a grant of a perpetual affordable housing restriction . . . for the purpose of ensuring the retention of housing for occupancy by low and moderate income persons and families."

As is apparent from subsequent events, the board chose not

---

[3]The judge's imputed this knowledge to Citizens Bank (bank) "from the fact that the loan closed, the loan documents required that 'the final legal description of the [p]roperty must be approved by [the bank] and its counsel' (which would have involved review of the deed), [the bank] had the right to refuse to fund the loan if any of its collateral 'was not in all respects in form and substance satisfactory to [the bank],' and the [a]uthority was required to provide [the bank] with title insurance with 'no exceptions other than those approved by [the bank]' (which would have involved a review of the title insurance policy)."

to exercise its discretion. In July, 2007, the bank assigned all its interests to the plaintiff, which was noted on the certificate of title.

Pursuant to the terms of the deed prohibiting conveying or transferring the land, in February, 2008, the board gave the authority the requisite thirty-day notice of its intent to reenter and revest the land because of the mortgage. The authority did not "cure" by obtaining the written consent of the town for the mortgage. The town reentered and revested title. On March 5, 2008, the authority deeded the property back to the town, which received a certificate of title naming the town owner in fee simple, unencumbered by the plaintiff's mortgage.[4]

By its complaint seeking a declaratory judgment, the plaintiff asked the Land Court to establish the current validity and priority of its mortgage. It asked specifically that the court declare that the board exceeded its authority in creating the condition subsequent; that the condition subsequent in the deed as set forth above be deleted; that the town's exercise of the right of reverter was invalid; that the town's title to the land was null and void; and that title would vest, unencumbered, in the authority.

In his written memorandum of decision, the judge concluded that, under Massachusetts law, a mortgage is "a conveyance of title . . . and the mortgagee [could] only acquire such title as the mortgagor possessed and [had] the capacity to grant. . . . By the terms of [the] deed, the [a]uthority's title terminated when it mortgaged the property to [the bank] (a conveyance of title) without the written consent of the [b]oard, the [b]oard gave notice, the [a]uthority failed to 'cure' within thirty days, and the town reentered the property and revested title back to it." He concluded that the bank could only assign the rights it had to the plaintiff and, pursuant to the terms of the deed, the plaintiff has no interest in the land. He also concluded that, under G. L. c. 40, § 3, the board did not exceed its authority in placing the reverter provision in the deed.

---

[4]There is nothing in the record indicating the reason why the board did not seek to reenter until 2008 or why the authority did not seek the board's permission to execute the mortgage or to "cure" by seeking that permission when the board notified it that it intended to reenter the land. As the judge noted, no construction has taken place on the land.

*Discussion.* 1. *Mortgage theory.* The plaintiff first argues that the mortgage should not have been treated as a transfer of title for purposes of triggering the deed's reverter clause.[5] There was no error.

We begin by noting that there are "three theories of mortgage law. Under the title theory, legal 'title' to the mortgaged real estate remains in the mortgagee until the mortgage is satisfied or foreclosed; in lien theory jurisdictions, the mortgagee is regarded as owning a security interest only and both legal and equitable title remain in the mortgagor until foreclosure. Under the intermediate theory, legal and equitable title remain in the mortgagor until a default, at which time legal title passes to the mortgagee." Restatement (Third) of Property (Mortgages) § 4.1 comment a (1997). It is not disputed that Massachusetts is a title theory state.

The plaintiff also does not contest that our case law defines a mortgage as a transfer of title. See *Murphy* v. *Charlestown Sav. Bank*, 380 Mass. 738, 747 (1980), quoting *Perry* v. *Miller*, 330 Mass. 261, 263 (1953) ("A mortgage of real estate is a conveyance of the title or of some interest therein defeasible upon the payment of money or the performance of some other condition"). Rather, it argues that courts in other jurisdictions that follow the title theory have "specifically declined to treat mortgages as conveyances for the purpose of triggering reverter provisions." It further argues that the language of the reverter clause was unclear.

As the Appeals Court stated, although our case law has placed some limitations on a mortgagee's right to title, it also has made clear that a mortgage is a conveyance of title. See *Faneuil Investors*, *supra* at 265, citing *Vee Jay Realty Trust Co.* v. *Di-Croce*, 360 Mass. 751, 753 (1972) (although mortgagee has legal title, mortgagor is owner at least until mortgagee enters for possession); *Negron* v. *Gordon*, 373 Mass. 199, 204 (1977) (mortgagee considered owner only for purpose of securing debt); and *Maglione* v. *BancBoston Mtge. Corp.*, 29 Mass. App. Ct. 88, 90 (1990) (mortgage splits title; mortgagee retains legal

---

[5]The authority argues that the plaintiff waived this claim. For the reasons set forth by the Appeals Court, we consider this claim. *Faneuil Investors Group, Ltd. Partnership* v. *Selectmen of Dennis*, 75 Mass. App. Ct. 260, 264 n.4 (2009) (*Faneuil Investors*).

title, mortgagor retains equitable title). We also agree with the Appeals Court that the cases from other jurisdictions on which the plaintiff relies do not aid its argument, either because the cases were from lien theory jurisdictions,[6] the relevant reverter provision "explicitly stated that title would revert [only] if the mortgage was not satisfied or payment was not received,"[7] or the case does not add anything to the plaintiff's position.[8] *Faneuil Investors, supra* at 266-267 & nn.6 & 7 (discussing cases).

We are unpersuaded by the plaintiff's argument that, because the deed's language is unclear, the bank could not have known that the reverter clause would be invoked when it granted the authority a mortgage. As the Appeals Court stated, the language of the reverter clause is clear; the "ambiguity arises only if we take to be true [the plaintiff's] contention that 'conveyed or transferred' does not necessarily apply to a mortgage grant . . . [a premise] that is contrary to our well-settled law." *Id.* at 268. Moreover, the meaning of the terms "convey" or "transfer" under Massachusetts law was discernible to practitioners.

The plaintiff next argues that, should we conclude that a mortgage constitutes a conveyance, we should create a narrow rule that such a reverter clause is triggered only on default, i.e., when legal and equitable title are transferred to the mortgagee. We decline to do so. In any event, the record does not suggest, and the plaintiff does not argue, that there was something unique about the circumstances of this case that would cause us to reconsider established common law. As the judge found, the bank

---

[6]See *Haselwood* v. *Moore*, 100 Colo. 556 (1937); *Jordan* v. *Jordan*, 963 So. 2d 1235 (Miss. Ct. App. 2007) (lien or intermediate theory); *Myrick* v. *Leddy*, 37 S.W.2d 308 (Tex. Civ. App. 1931); *Myers* v. *Milton*, 148 W. Va. 789 (1964). See also *Faneuil Investors, supra* at 267 n.7; Restatement (Third) of Property (Mortgages) Introductory Note to c. 4 at 182-183 (1997).

[7]See *Lovlie* v. *Plumb*, 250 N.W.2d 56 (Iowa 1977); *McPherson* v. *McPherson*, 117 Kan. 380 (1925); *Land O' Lakes Dairy Co.* v. *County of Wadena*, 229 Minn. 263, aff'd, 338 U.S. 897 (1949). See also *Camp* v. *Teal*, 44 Ga. App. 829 (1931) (deed conveying real property as indemnity for mortgage on other property, reverter clause valid when mortgage is paid).

[8]See *Fort Smith* v. *Carter*, 372 Ark. 93 (2008) (intermediate theory jurisdiction); *Red Rooster Constr. Co.* v. *River Assocs., Inc.*, 224 Conn. 563 (1993) (Connecticut is title theory State); *Pines* v. *Farrell*, 577 Pa. 564, 574 (2004) (same). That Connecticut is a title theory State was reiterated in *First Fed. Bank, FSB* v. *Whitney Dev. Corp.*, 237 Conn. 679, 686-687 n.8 (1996), and cases cited.

entered into the mortgage with full knowledge of the condition subsequent, and it was recorded with the Barnstable Land Court registry. There is no allegation that it was hidden from the plaintiff; indeed, the plaintiff also recorded the assignment with the registry, and counsel stated at oral argument that he assumed that the plaintiff knew of the reverter clause. Nor do we agree that the result in this case was unduly harsh. The bank was a sophisticated party that, as discussed in note 3, *supra,* required a legal description of the land as well as title insurance, both of which would have required review of the deed and the title insurance policy.[9] If the plaintiff believes the law needs to be changed, it has recourse through the Legislature.[10]

2. *Board's authority.* The plaintiff claims that the judge erred in concluding that, under G. L. c. 40, § 3, the board did not exceed its authority in including the reverter clause in the deed. It argues that the town meeting vote did not explicitly state that the board could use a reverter clause and that the plain language of G. L. c. 40, § 3, does not support the judge's conclusion that "a conveyance could include additional terms not authorized by the [b]oard."

General Laws c. 40, § 3, states, in relevant part: "A town may hold real estate for the public use of its inhabitants and may convey the same by a deed of its selectmen thereto duly authorized." As the judge stated, under the plain language of the statute and the case law, "The law does not expect or require [a] town meeting to involve itself in micromanagement of real estate transactions. . . . [The statute], authorizing selectmen as the body that makes the actual conveyance, recognizes this and can only be interpreted as authorizing the [b]oard to include consistent additional terms, directly and reasonably related to the

[9]No party addresses whether there was malpractice on the part of an attorney or whether the plaintiff has a cause of action against the bank. At the very least, as the Appeals Court noted, the plaintiff could have asked for clarification before it assumed the mortgage here. *Faneuil Investors, supra* at 268 n.8.

[10]In their amicus brief, the Real Estate Bar Association for Massachusetts, Inc., and the Abstract Club assert that a change could affect the rights of a mortgagee to gain or correct title by estoppel and alter foreclosure law because foreclosures are based on the theory that a mortgagee holds title to the premises subject to the property owner's right of redemption. The plaintiff makes no argument about the impact of its suggested change on current laws.

letter and spirit of the town meeting vote." See *Salem Sound Dev. Corp.* v. *Salem*, 26 Mass. App. 396, 398-399 (1988). However, the board may not include a provision that differs in substantial respect from that which the town meeting approved. See *id.* (noting that town meeting is lay body with constraints on its time and scope of action; holding invalid lease that differed in substantial respect from terms city council approved). See generally *146 Dundas Corp.* v. *Chemical Bank*, 400 Mass. 588, 593 (1987), quoting *Pope* v. *Burrage*, 115 Mass. 282, 285 (1874) (power to do act includes power to do all necessary subordinate acts).

The 2001 town meeting's vote stated: "Any deed transferring the property *shall* provide that in the event the property ceases to be used for [affordable housing], the title . . . shall revert to the [t]own . . ." (emphasis added). The judge concluded that the terms of the reverter clause at issue here were "in complete harmony" with the town meeting's vote and "assure[d] compliance with the town's intent that quality affordable housing be built and occupied in timely fashion." He noted that obtaining the board's consent for a mortgage was a mechanism to ensure that the proper developer was involved in any project and that the property was protected from a bank that might foreclose in contravention of the town's goals.

We reject the plaintiff's argument that the board could only insert a reverter clause if the town meeting explicitly authorized it to do so because, as discussed, a term or provision that differs in substantial respect from that which the town meeting approved is invalid. *Salem Sound Dev. Corp.* v. *Salem*, *supra* at 399.[11] Moreover, in light of the 2006 vote that specifically referenced the deed's reverter clause, we agree with the judge that the "deed accurately reflects the [intention of the] town meeting['s] vote," and that the town granted the board further discretion to remove it. As the Appeals Court stated: "By requiring that the [authority] obtain the written consent of the board before conveying or transferring the [land], the board ensured

---

[11]As the judge noted, the cases on which the plaintiff relies are inapposite. Cf. *Lawrence* v. *Stratton*, 312 Mass. 517, 518-519, 522 (1942) (mayor improperly conveyed public property in contravention of city council's requirement that purchaser spend $50,000 and where mayor added unrelated condition to deed); *Cape Cod S.S. Co.* v. *Selectmen of Provincetown*, 295 Mass. 65, 67, 69 (1936) (town's granting ferry company exclusive rights to public wharf violated applicable statute).

that it had an opportunity and the power by which it could require that a subsequent deed, including a mortgage deed, contain the requisite restriction" to carry out the intent of the town meeting vote to keep the land for affordable housing. *Faneuil Investors*, *supra* at 269-270. There was no error.

*Conclusion.* For the reasons set forth above, we affirm the judgment of the Land Court. We also reject the authority's request for attorney's fees and double costs.

*So ordered.*