RUBIN, J., dissenting.
*779 *1260 The assignment in this case purports to be from Mortgage Electronic Registration Systems, Inc. (MERS), acting "solely as nominee for IndyMac Bank, F.S.B." But at the time of the alleged assignment, IndyMac Bank, F.S.B., had no interest in the mortgage. Indeed, it had failed and did not exist. The mortgage holder was apparently MERS, as nominee for Deutsche Bank National Trust Company (Deutsche Bank), as trustee for the IndyMac INDX Mortgage Loan Trust 2005-AR33, Mortgage Pass-Through Certificates, Series 2005-AR33, under the pooling and servicing agreement dated December 1, 2005.[1]
It is black letter law in this Commonwealth that one who holds an interest in property in one capacity may convey it only when acting in that capacity. See, e.g., Bongaards v. Millen, 440 Mass. 10, 14, 793 N.E.2d 335 (2003) ("D'Amore held the property as trustee for the beneficiaries of the trust, and she lacked power to convey the property in her individual capacity"). "Like a sale of land itself, the assignment of a mortgage is a conveyance of an interest in land that requires a writing signed by the grantor." U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 649, 941 N.E.2d 40 (2011). The grantor, MERS, solely as nominee for IndyMac Bank, F.S.B., did not hold the mortgage, that is, legal title to the property. See ibr.US_Case_Law.Schema.Case_Body:v1">id. ("Where, as here, mortgage loans are pooled together in a trust and converted into mortgage-backed securities, the underlying promissory notes serve as financial instruments generating a potential income stream for investors, but the mortgages securing these notes are still legal title to someone's home or farm and must be treated as such"). "Where, as here, the grantor has nothing to convey, ... [t]he purported conveyance is a nullity, notwithstanding the parties' intent." Bongaards, supra at 15, 793 N.E.2d 335.
"[N]owhere on the face of the instrument is there any indication or evidence that [the signatory] was, or in any manner purported to be, an officer or other authorized agent of" the owner of the interest in the mortgage, MERS as nominee for Deutsche Bank.
*780 Sullivan v. Kondaur Capital Corp., 85 Mass. App. Ct. 202, 213, 7 N.E.3d 1113 (2014).[2] It therefore was void, and Giannasca has standing to challenge it. As the majority notes, "Whether a mortgage assignment in Massachusetts is valid or void is determined by statute. See G. L. c. 183, § 54B. See also Bank of N.Y. Mellon Corp. v. Wain, 85 Mass. App. Ct. 498, 503, 11 N.E.3d 633 (2014)." Ante at 1259. That *1261 statute provides, in relevant part, that an assignment "by a person purporting to hold the position of president, vice president, treasurer, clerk, secretary, cashier, loan representative, principal, investment, mortgage or other officer, agent, asset manager, or other similar office or position, including assistant to any such office or position, of the entity holding such mortgage, or otherwise purporting to be an authorized signatory for such entity, or acting under such power of attorney on behalf of such entity, acting in its own capacity or as a general partner or co-venturer of the entity holding such mortgage, shall be binding upon such entity and shall be entitled to be recorded, and no vote of the entity affirming such authority shall be required to permit recording" (emphasis added). G. L. c. 183, § 54B.
Indeed, the majority recognizes that an assignment "is effective to pass legal title and 'cannot be shown to be void' " when "the assignment is (1) made by the mortgage holder or its representative, (2) executed before a notary public, and (3) signed by an authorized employee of the mortgage holder." Ante at ----, quoting Wain, 85 Mass. App. Ct. at 503, 11 N.E.3d 633. Here, the assignment was not made by the mortgage holder.
I therefore must dissent from the majority holding that this assignment was not void. Perhaps the signature on behalf of MERS in the incorrect capacity is the result of nothing more than the sloppy work of the party purporting to hold the mortgage. See Sullivan, 85 Mass. App. Ct. at 213, 7 N.E.3d 1113, quoting Ibanez, 458 Mass. at 655, 941 N.E.2d 40 (Cordy, J., concurring) ("what is surprising about these cases is ... the utter carelessness with which the [foreclosing lenders] documented the titles to their assets"). But the majority's decision upsets settled law: "Massachusetts is a title theory state,"
*781 Faneuil Investors Group, Ltd. Partnership v. Selectmen of Dennis, 458 Mass. 1, 6, 933 N.E.2d 918 (2010), and today's decision may call into question the title to many pieces of property, those in whose chain of title an assignment or other conveyance was made in the wrong capacity -- say individually instead of as trustee -- whose subsequent purchasers have relied on the status of such assignments and conveyances as a nullity. So although today's decision may give the impression of cleaning up a technical flaw, i.e., a minor misstep in the scheme of the multitude of mortgage foreclosures precipitated by the financial crisis of 2007 and 2008, I fear that, compared with requiring a new, proper assignment, today's decision may create an enormous amount of mischief. With respect, I therefore dissent.

I am assuming here that the majority is correct that the note was transferred as the majority describes to Deutsche Bank. There may be a dispute as to this fact; Giannasca appears to assert that ownership of the note actually passed to IndyMac Bank, F.S.B.'s, successor, OneWest Bank, F.S.B., because it was one of IndyMac Bank, F.S.B's assets when it failed, was taken into receivership by the Federal Deposit Insurance Corporation, and its assets sold to OneWest Bank, F.S.B. The issue, however, is immaterial for present purposes because, whoever held the note, it was not the defunct entity, IndyMac Bank, F.S.B.

The majority suggests that this flaw could have been addressed by stating that MERS acted "solely as nominee for IndyMac Bank F.S.B. and its successors and assigns," rather than as nominee for Deutsch Bank. Ante at 1260. Because the assignment did not say that, I need not determine whether the majority is correct. I note, however, that I am aware of no authority, and the majority cites none, answering the question whether an assignment like that purporting to be by a nominee acting on behalf of some nonspecific open and indefinite class, rather than on behalf of the actual note holder, would suffice to identify the capacity in which the assignor was acting.